UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA MURPHY, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HAYT, HAYT & LANDAU, LLC <br><br> Defendant. | Civil Action No. |

# COMPLAINT – CLASS ACTION

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Sandra Murphy on behalf of herself and all others similarly situated ("Plaintiff") against Defendant Hayt, Hayt & Landau, LLC, for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692k(d).

3. *In personam* jurisdiction exists and venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because transactions and occurrences underlying this action took place in the Eastern District.

## PARTIES

4. Plaintiff Sandra Murphy ("Plaintiff" or "Murphy") is an adult individual residing in Philadelphia, Pennsylvania and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Hayt, Hayt & Landau, LLC ("Defendant" or "Hayt") is a foreign limited liability company with a place of business located at Two Industrial Way West, Eatontown, NJ 07724-0500.

6. Hayt is a law firm which regularly uses the mails or the instrumentality of interstate commerce to collect or attempt to collect debts owed or asserted to be owed to third parties and is a "debt collector" as that term is by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. On July 24, 2020, Hayt mailed a form letter to Murphy attempting to collect an alleged debt. A true and correct copy is attached as Exhibit A.

8. The alleged debt which was the subject of the form letter was a credit card account used by Plaintiff for personal, household and/or family purposes, and the alleged debt constitutes a debt pursuant to Section 1692a of the Fair Debt Collection Practices Act, 15 U.S.C. 1692a.

9. The form letter mailed by Hayt is a "communication" as defined by 15 U.S.C. § 1692a(2).

10. The letter began with an emphasized caption, "LAWSUIT FILED WITH COURT" and referenced "COURT DOCKET No.: CV-0000311-17".

11. The letter went on to claim:

    "[a] lawsuit has been filed with the court against you. This firm represents CAPITAL ONE BANK (USA), N.A. in the case."

12. The information stated in the letter, along with material information that was intentionally omitted from the letter, was unfair, false, deceptive, and

2

misleading. By way of the example, the misrepresentations and material omissions include, but are not limited to:

   a. Hayt failed to disclose <u>where</u> the lawsuit was filed, and <u>which</u> <u>court</u> the supposed case was filed;
   b. Hayt included a docket number which was not correct and/or complete and not in the format actually used by the court which would enable Plaintiff to determine where the alleged case was filed;
   c. Hayt deceived Plaintiff and failed to disclose that the case which was the subject of the letter had been dismissed for lack of service, and was no longer pending in the court;
   d. Hayt also misleadingly failed to disclose that because the case had been dismissed, it was also now time barred and could no longer be pursued in court.

13. Plaintiff received the letter and reasonably believed that a lawsuit has been filed and was pending against her.

14. Plaintiff attempted to determine where the suit was filed and the status of the suit, but was unable to do so because 1) the letter failed to advised Plaintiff where the alleged suit was filed, 2) the docket number contained the letter was incomplete, and, had the docket number been complete would have contained the numerical designation of the Municipal District Court where the suit was filed, and 3) the suit was filed in a county where Plaintiff did not reside.

## POLICIES AND PRACTICES COMPLAINED OF

15. It is Hayt's policy and practice to send written collections communications, in the form sent to Plaintiff and annexed hereto as Exhibit A, which violate the FDCPA by, *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Making a false representation of the character, amount legal status of the debt.

16. Hayt has sent the written communications in the form annexed hereto as Exhibit A, to at least fifty (50) natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

18. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from Hayt, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

19. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i.   Whether the Defendants violated various provisions of the FDCPA;

      ii.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.      Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

20. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

21. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the

duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

22. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

23. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations in paragraphs 1 through 22 as though set forth at length herein.

24. Hayt is a "debt collector" as that term is is defined by 15 U.S.C. § 1692(a)(6).

25. Plaintiff's alleged debt obligation is a "debt" as defined by 15 U.S.C. § 1692(a)(5).

26. Collection letters/notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

27. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights and the status/details of any lawsuit alleged to be brought against them.

28. The Defendant's letter would cause the least sophisticated consumer to be confused about whether the case was still pending in a court of law.

29. The Defendant's letter would cause the least sophisticated consumer to be confused about which court the matter had been filed.

30. The Defendant's letter would cause the least sophisticated consumer to be confused as it failed to provide material information, and provided misleading information about the suit.
31. With regard to the letter attached as Exhibit A, Hayt violated the FDCPA, as follows:
    a. Hayt violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
    b. Hayt violated 15 U.S.C. §§ 1692e, (2), (2)(A), (5), and (10) by employing false, deceptive, or misleading representation or means in connection with the collection of any debt.
    c. Hayt violated 15 U.S.C. §§ 1692f by employing unfair and unconscionable means to collect or attempt to collect a debt.
32. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.
33. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.
34. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.
35. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.
36. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sandra Murphy requests that this Court enter judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted:

/s/ Sean P. Mays
SEAN P. MAYS

**THE MAYS LAW FIRM PC**
Warminster Corporate Center
65 W. Street Road, Suite B102
Warminster, PA 18974
(215) 792-4321

Robert P. Cocco, Esq.
Pa. I.D. No. 61907
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

**Attorneys for Plaintiff**